# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JAY KAISER,<br><br>      Plaintiff,<br><br>v.<br><br>ALEXANDER MARINE USA; ALEXANDER MARINE CO. LTD.; MERRITT ISLAND BOAT WORKS, INC.; EASTCOAST YACHT GROUP; and ALEXANDER MARINE ENTERPRISES, INC.,<br><br>      Defendants. | Case No. 6:23-cv-108-RBD-RMN |

## **ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion for an Extension of Time to Effect Service on Alexander Marine Co. Ltd. (Dkt. 36)
>
> **FILED:** April 7, 2023
>
> It is **ORDERED** that the Motion (Dkt. 36) is **GRANTED**.

Plaintiff, Jay Kaiser, moves for an order extending his deadline to serve a summons and the complaint on Alexander Marine Co. Ltd. Dkt. 36. Plaintiff has served all Defendants except Alexander Marine Co. Ltd. *See id.*

¶ 3. It has not served Alexander Marine Co. Ltd. because that company is a foreign corporation. *Id*. Though Plaintiff is endeavoring to perfect service, it has not done so yet because it must translate the complaint and attachments. *Id*. Defendants that have appeared take no position on the motion because they interpret Federal Rule of Civil Procedure 4(m) to not apply to service on foreign corporations. *Id*. at 3–4.

Here, Plaintiff moved for additional time in an abundance of caution. While the service limit imposed by Rule 4(m) "does not apply to service in a foreign country under Rule 4(f)" Fed. R. Civ. P. 4(m), the time allowed "for accomplishing foreign service is not unlimited, as district courts must retain the ability to control their dockets." 12B *Fed. Practice & Procedure, Civil Rules, Quick Reference Guide*, at 79 (Thomson Reuters 2022) (citing *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005), among other authorities). Indeed, "[s]ome courts have conditioned this foreign service 'exemption' upon a showing that good faith attempts were made to serve within the 90-day period; if no such attempts were made, these courts hold that the exemption will not apply and the passage of 90 days can justify a dismissal." *Id*. (citing *USHA (India), Ltd. v. Honeywell Intern., Inc.*, 421 F.3d 129, 134 (2d Cir. 2005), and *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157 (M.D. Pa. 2008)). Other courts—including a panel of the Eleventh Circuit in an unpublished (and therefore nonprecedential) opinion—"have applied a

more encompassing 'flexible due diligence' standard to decide if a post-90 day foreign service ought to be allowed." *Id.* (citing *Harris v. Orange S.A.*, 636 F. App'x 476, 485-86 (11th Cir. 2015), and *Lozano v. Bosdet*, 693 F.3d 485, 488–89 (5th Cir. 2012)).[1]

In view of the need for additional time to translate the complaint and its attachments, as well as Plaintiff's diligence in performing the tasks necessary to serve Alexander Marine Co. Ltd., the Court finds that Plaintiff has established good cause to extend the service deadline. Thus, even if the Court were to construe the Rule 4 to apply a flexible due diligence standard to service on a foreign corporation, Plaintiff have satisfied that standard.

Accordingly, it is **ORDERED**:

1. The Motion (Dkt. 36) is **GRANTED**; and
2. Plaintiff shall serve the complaint, its attachments, and summons on Alexander Marine Co. Ltd. on or before June 5, 2023.

**DONE** and **ORDERED** in Orlando, Florida, on April 7, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

---

[1] As noted in *Harris*, the Eleventh Circuit has not "held in a published decision whether or what time constraints apply to service on foreign defendants." 636 F. App'x at 485.

Copies furnished to:

Counsel of Record